IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY L. VIOLA, | ) | CASE NO. 1:20 CV 2194 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| UNITED STATES | ) | |
| PROBATION OFFICE, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Anthony L. Viola filed the above-captioned action under 28 U.S.C. § 2241 against the United States Probation Office. Petitioner was convicted in this District Court in April 2011 on two counts of conspiracy to commit wire fraud and thirty-three counts wire fraud. He was sentenced in January 2012 to twelve and a half years in prison. He is currently on home confinement. Petitioner asserts four grounds for relief. First he contends an Assistant Ohio Attorney General and one of the government witnesses had a romantic relationship and both testified at his trial. Second, he claims that the Assistant United States Attorney failed to withdraw testimony when he knew the witness lied under oath. Third, he contends the Assistant United States Attorney committed misconduct and deprived him of a fair trial by failing to disclose the affair and correct the false testimony. Finally, he claims he is being denied the freedom to freely practice his religion because on home confinement he is permitted to go only to the grocery store, and to walk around the

block. He contends he cannot attend church for forty-five minutes. Petitioner asserts the government is not properly carrying out his sentence. He seeks an evidentiary hearing and a new trial without the testimony of the witnesses he claims provided false testimony.

## Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under Section 2243).

## Analysis

A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition under §2241 may be used by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, permitting a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under § 2255 is or was "inadequate or ineffective" to test the legality of his detention. A prisoner may take advantage of this provision when, after his conviction has become final, the Supreme Court re-interprets the terms of the statute under which Petitioner was convicted, and by this interpretation excludes Petitioner's actions as a violation of the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241"). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, whether by direct appeal or by motion under § 2255, or where he did assert his claim in an earlier motion under §2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

Here, Petitioner's first three claims directly challenge his conviction, not the manner in which his sentence is being carried out. Those claims cannot be asserted in a habeas action under 28 U.S.C. § 2241. His last ground for relief asserts a denial of his right to free exercise of his religion. Civil rights claims pertaining to conditions of confinement cannot be asserted in a habeas action. *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973)).

## Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: _February 4, 2021_